**Frances C. PETERS, Plaintiff–Appellant,**

v.

**UBS AG, a global banking entity incorporated in Switzerland, aka UBA SA, Defendant–Appellee.**

No. 14–505.

United States Court of Appeals, Second Circuit.

Dec. 19, 2014.

Leslie Trager, New York, NY, for Appellant.

Mark G. Hanchet (with Christopher J. Houpt, Robert W. Hamburg, on the brief), Mayer Brown LLP, New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, DEBRA ANN LIVINGSTON and RAYMOND J. LOHIER, Jr., Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Frances C. Peters appeals from the judgment of the United States District Court for the Southern District of New York (Crotty, *J.*), dismissing the complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Peters previously sued Defendant–Appellee UBS AG ("UBS") in New York state court, alleging that UBS had misappropriated funds held in trust for her. After the state court dismissed on the grounds of *forum non conveniens*, identifying Switzerland as an adequate alternative forum, Peters brought this litigation in the Southern District of New York, alleging substantively the same causes of action based on substantively the same facts. The district court granted UBS's motion to dismiss, holding that the state court's determination of *forum non conveniens* applied to the federal litigation by way of collateral estoppel.

"We review the district court's dismissal of [an] action on collateral estoppel grounds *de novo.*" *Johnston v. Arbitrium (Cayman Is.) Handels AG,* 198 F.3d 342, 346 (2d Cir.1999).

"The doctrine of collateral estoppel precludes a party from relitigating in a subsequent proceeding an issue of law or fact that has already been decided in a prior proceeding." *Boguslavsky v. Kaplan,* 159 F.3d 715, 719–20 (2d Cir.1998). Peters is collaterally estopped from disputing the applicability of the doctrine of *forum non conveniens* to this litigation, having fully litigated that issue in state court, which decided the issue and consequently granted UBS final judgment. Contrary to Peters' arguments on appeal, no exception or competing equitable doctrine rescues her case from this result. *See, e.g., PenneCom B.V. v. Merrill Lynch & Co., Inc.,* 372 F.3d 488, 493 (2d Cir.2004); *Khandhar v. Elfenbein,* 943 F.2d 244, 249 (2d Cir.1991).

Because we agree with the dismissal on collateral estoppel grounds, we need not reach any alternative bases for dismissal.

For the foregoing reasons, and finding no merit in Peters' other arguments, we hereby **AFFIRM** the judgment of the district court.